UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH R. RIOS,

    Plaintiff,

v.

CRISTINA L. JOHNSON, et al.,

    Defendants.

Case No. 18-cv-06655-EMC

**ORDER OF DISMISSAL**

Docket Nos. 1, 3

## I. INTRODUCTION

Keith R. Rios, an inmate at Avenal State Prison, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the Court for review under 28 U.S.C. § 1915A. The request for appointment of counsel also is now before the Court for review.

## II. BACKGROUND

The complaint in this action is directed at overturning Mr. Rios' conviction, or at least removing a hurdle that allegedly interferes with his ability to ask for his conviction to be overturned. Before turning to the allegations of the complaint, a few background facts are recited to put the complaint in context.

A. <u>Mr. Rios' Conviction, And His Unsuccessful Appeal And Habeas Proceedings</u>

Mr. Rios was convicted in Monterey County Superior Court in 2010 of numerous sex offenses against minors and was sentenced to 25 years in prison. *See* Docket No. 1 at 2-3 in *Rios v. Pennywell*, N.D. Cal. Case No. 13-cv-3430 VC (the "2013 federal habeas case"). His conviction was affirmed and his petition for review was denied in 2012. *Id.*; *People v. Rios*, 2012 WL 53816 (Cal. Ct. App. Feb. 16, 2012) (rejecting appeal on the merits).

Mr. Rios filed a federal petition for writ of habeas corpus that was denied on July 22, 2014.

*See* Docket No. 8 in the 2013 federal habeas case. The Ninth Circuit denied a certificate of appealability. *See* Docket No. 15 in the 2013 federal habeas case. The U.S. Supreme Court denied Mr. Rios' petition for writ of certiorari in April 2016. *See* Docket No. 17 in 2013 federal habeas case.

Mr. Rios also filed habeas actions in the state courts in 2016 and 2018 that were rejected on procedural grounds as well as on the merits. Docket No. 1 at 5-6, 31-34.

In 2016, Mr. Rios applied to the Ninth Circuit for authorization to file a second or successive federal habeas petition. The Ninth Circuit denied his application in July 2017. Docket No. 1-1 at 8.

B. <u>Allegations In Complaint</u>

In his civil rights complaint in the present action, Mr. Rios has sued Monterey County Superior Court Judge Larry Hayes and Monterey County District Attorney Cristina Johnson. He alleges that the district attorney engaged in prosecutorial misconduct during her closing argument at Mr. Rios' trial and that the judge erred by not timely and adequately admonishing the district attorney. Docket No. 1 at 8.[1] Mr. Rios alleges that the prosecutorial misconduct and the trial court's errors "result[ed] in a denial of due process of law under the 5th, 6th, and fourteenth Amendment, a denial which undermined his right to a fair trial." Docket No. 1-1 at 76 (errors in source).

Mr. Rios alleges that he did not learn of these problems until after April 2016. Docket No.

---

[1] Mr. Rios alleges that the district attorney's statements during closing argument amounted to prosecutorial misconduct, and the judge committed "plain error "in giving "late and incomplete admonition[s]" about the prosecutor's misconduct. Docket No. 1 at 8. Mr. Rios states that the prosecutor was "providing untruthful statements, withholding Brady material, inflaming jury passions and providing personal opinions, *all at trial closing arguments*." *Id.* (emphasis added). Elsewhere in his complaint, he elaborates on the prosecutor's misdeeds and makes it clear that the "withholding Brady material" consisted of the prosecutor not telling the jury during closing argument about pro-defense evidence that had been found during a search pursuant to a warrant of Mr. Rios' home and car. Docket No. 1-1 at 12, 72. Mr. Rios misunderstands the *Brady* doctrine. A *Brady* violation occurs when the prosecution fails to turn over favorable material evidence to the defense; it does not occur when the prosecutor fails to alert the jury in closing argument to evidence obtained from the defendant. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). No *Brady* violation occurred on the facts alleged.

2

1 at 8. Mr. Rios also alleges that the doctrines of absolute judicial and prosecutorial immunity do not shield judges and prosecutors from suits for injunctive relief. *Id.* at 5. He requests a declaratory judgment and injunctive relief order compelling "state and federal courts to remove time bar" from Mr. Rios' complaint against the district attorney and judge. *Id.* His complaint alleges that state and federal habeas petitions have been denied as time-barred, although the basis for this assertion is not stated. Docket No. 1 at 6.[2] He also alleges that he was abandoned by his federal appellate attorney; he did not learn of the Ninth Circuit's March 13, 2015 denial of his certificate of appealability until about November 2015; and his appellate counsel sent the case file to Mr. Rios' family in April 2016. Docket No. 1 at 7.

### III. DISCUSSION

A. Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Generally, a plaintiff may not bring a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been

---

[2] The basis for Mr. Rios' assertion that his habeas petitions have been rejected as time-barred is unclear. His direct appeal and federal petition were rejected on the merits. The habeas decisions attached to the complaint do not deny relief based on a determination that the claims are time-barred.

3

determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction -- would imply that the conviction was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction *in* a civil rights action; the conviction must have been successfully attacked *before* the civil rights action is filed. The *Heck* rule was first announced with respect to an action for damages, but has since been applied to actions that sought declaratory and injunctive relief. If success in the § 1983 action would "necessarily demonstrate the invalidity of confinement or its duration,' the § 1983 action is barred no matter the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

*Heck* bars this action. To be entitled to any relief – whether it be monetary, equitable or injunctive relief – in a § 1983 action, a plaintiff must establish that there has been a violation of a right secured by the Constitution or laws of the United States was violated. Here, Mr. Rios alleges that Defendants violated his rights to due process and a fair trial. Although Mr. Rios purports to only want the court to order the federal and state courts to remove a time-bar to the consideration of his claims, the constitutional violations he has alleged and are necessary to his § 1983 claims are squarely within the *Heck* rule because their success would call into question the validity of his conviction and sentence from the Monterey County Superior Court. The *Heck* rule bars his § 1983 action at this time because his conviction is still in place.

The exclusive method for a state prisoner to challenge his state court conviction or sentence in federal court is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Mr. Rios already has done so. His habeas petition challenging his conviction was denied in the 2013 federal habeas case, and the Ninth Circuit denied a certificate of appealability. A prisoner who wishes to file a second or successive habeas petition challenging the same conviction or sentence must first obtain from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") an order authorizing this Court to consider a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If Mr. Rios wants to

attempt to obtain the necessary order from the Ninth Circuit, he should file an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103). A copy of the form application is enclosed with this order for his convenience. Although he already applied once to file a second or successive petition, there does not appear to be a strict limit on the number of applications to file a second or successive petitions an inmate may file.

B. <u>Request For Appointment Of Counsel</u>

Mr. Rios has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present in this action because there is no likelihood of success on the merits in this case. Mr. Rios' request for appointment of counsel to represent him in this action is **DENIED**. Docket No. 3.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, this action is **DISMISSED** for failure to state a claim under 42 U.S.C. § 1983. The dismissal is without prejudice to Mr. Rios filing a new petition for writ of habeas corpus if he ever obtains permission from the Ninth Circuit Court of Appeals to do so, and without prejudice to him filing an action under 42 U.S.C. § 1983 if his conviction is ever set aside. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: November 27, 2018

_____
EDWARD M. CHEN
United States District Judge

5